# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3480 | **DATE** | 7/15/2010 |
| **CASE TITLE** | United States vs. Juan Cruz-Enriquez | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court directs the Clerk to enter judgment dismissing Mr. Cruz-Enriquez's motion under 28 U.S.C. § 2255.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Juan Cruz-Enriquez has filed a *pro se* motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court preliminarily reviews the motion and, for the reasons stated below, dismisses it.

Mr. Cruz-Enriquez's case was set for trial on November 5, 2007. The case was reassigned to this judge's calendar from that of Judge Rebecca Pallmeyer because she had conflicting trial responsibilities. On November 1, 2007, the undersigned judge moved the trial date to November 6 and scheduled for hearing on November 5 a motion to suppress evidence that Mr. Cruz-Enriquez had filed. The Court also denied an oral motion by Mr. Cruz-Enriquez's counsel to continue the trial.

At the outset of the scheduled hearing on November 5, Mr. Cruz-Enriquez's attorney advised the Court that Mr. Cruz-Enriquez wished to withdraw his motion to suppress and enter a guilty plea to Count 1 of the indictment, a charge of conspiracy to possess heroin with intent to distribute. The Court began a standard guilty plea colloquy as required by Federal Rule of Criminal Procedure 11(b). *See* Nov. 5, 2007 Tr. 4. When the Court asked Mr. Cruz-Enriquez whether he had had enough time to talk to his lawyer about the case and his decision to plead guilty, Mr. Cruz-Enriquez said no. *Id.* 9. The Court recessed the proceedings to give Mr. Cruz-Enriquez an opportunity to confer privately with counsel. After that, the Court asked: "So, Mr. Enriquez [sic], have you now had enough time to talk to your lawyer about the case and about your decision to plead guilty?" *Id.* Mr. Cruz-Enriquez replied that he had.

During the remainder of the colloquy, Mr. Cruz-Enriquez stated that he had no complaints about his lawyer's work and that "I do believe he did his job"; no promises had been made to him by the government or anyone else; he had not been forced or threatened to plead guilty; and he was pleading guilty of his own free will

because he was in fact guilty. *Id.* 11. Mr. Cruz-Enriquez also affirmed that he understood the nature of the charges and what the government had to prove to convict him; all the rights he was giving up by pleading guilty; and how the Court would go about determining the sentence. *Id.* 12-20. The Court made it clear to Mr. Cruz-Enriquez that the charge carried a ten year mandatory minimum prison term. *Id.* 14-15. Finally, Mr. Cruz-Enriquez agreed to the government's recitation of the facts that proved his guilt. *Id.* 21-24.

The Court set a sentencing date of February 20, 2008. On that date, the Court began the sentencing hearing and continued the matter to April 4, 2008. On March 7, 2008, the Court entered an order stating:

> The Court has received a letter from defendant Juan Cruz-Enriquez in which he asks to terminate his current counsel and to withdraw his guilty plea. The case is set for a status hearing on 3/18/2008 at 01:30 PM. Both sides' counsel are directed to appear. Defense counsel is directed to contact the Federal Defender Program to ensure that a possible replacement counsel is also present at the hearing, in the event the Court determines to grant Mr. Cruz-Enriquez's request to terminate his current counsel. Copies of the letter will be available for each side to pick up at Judge Kennelly's chambers.

On March 18, the Court granted Mr. Cruz-Enriquez's request to appoint new counsel. The Court appointed Charles Aron to represent Mr. Cruz-Enriquez and gave Mr. Petro leave to withdraw. The Court vacated the sentencing hearing date of April 4, 2008 and set the matter for a status hearing on May 6, 2008.

On May 6, Mr. Cruz-Enriquez's new counsel, Mr. Aron, reported to the Court that he had conferred with Mr. Cruz-Enriquez and that it was his desire to withdraw his request to withdraw his guilty plea. May 6, 2008 Tr. 2-3. The Court then confirmed this directly with Mr. Cruz-Enriquez:

> THE COURT: Okay. I'm going to ask him directly since I got the letter from him originally. Mr. Cruz-Enriquez, you had sent me a letter back in late February or early March in which you asked to – you asked for a new lawyer, and at least I understood that you were asking to withdraw your guilty plea, in other words, you were changing your mind about pleading guilty. Mr. Aron has just told me that it's your desire not to withdraw your guilty plea, that you want to keep your guilty plea that you already entered as is, and then the next step would be for me to sentence you; in other words, you don't want to go to trial; is that correct?
>
> THE DEFENDANT: Yes.

*Id.* 3. The Court reset the sentencing date to July 2008 at defense counsel's request.

On July 22, 2008, the Court sentenced Mr. Cruz-Enriquez to a prison term of 120 months. This was the mandatory minimum sentence for the conspiracy charge to which Mr. Cruz-Enriquez had pled guilty. The sentence was below the advisory Sentencing Guidelines range of 135 to 168 months.

In his *pro se* section 2255 motion, Mr. Cruz-Enriquez alleges that he did not receive effective assistance of counsel from his original attorney, Mr. Petro. Specifically, Mr. Cruz-Enriquez appears to allege that he wanted to cooperate with the authorities but that Mr. Petro never followed through, and as a result the only opportunities that remained available to Mr. Cruz-Enriquez were to go to trial or enter a guilty plea that would result in a sentence of at least ten years. *See* Motion at 1-2. Mr. Cruz-Enriquez alleges that he decided to go to trial. *Id.* at 2. He states that a few days before trial, he told Mr. Petro that he was "going to speak with Judge Kennelly about the case," and that Mr. Petro became angry and said that the Court was "not

| STATEMENT |
|---|

going to listen to [him] and . . . is going to take you to trial right away . . . ." *Id.* Mr. Cruz-Enriquez says that he was afraid and asked for more time to talk to Mr. Petro. After they conferred, Mr. Petro talked to the prosecutor and then returned and told Mr. Cruz-Enriquez that if he pled guilty, the government "agreed to hear [his] story." *Id.* Mr. Cruz-Enriquez says that he pled guilty "hoping to get that good break." *Id.* He says that he later was interviewed and was told by Mr. Petro that the government had "agreed to give [him] a good break," but it never happened. Mr. Cruz-Enriquez says that he asked for and got a new lawyer, but that new counsel, Mr. Aron, said there was nothing he could do to get Mr. Cruz-Enriquez a sentence of less than ten years. *Id.*

Mr. Cruz-Enriquez's allegations fly in the face of his statements under oath at the guilty plea hearing. As noted earlier, Mr. Cruz-Enriquez stated that he had no complaints about Mr. Petro's work and that he believed Mr. Petro had done his job; he swore that he had not been subjected to threats or intimidation to get him to plead guilty; and he swore that no promises had been made to get him to plead guilty. The Court is not required to credit Mr. Cruz-Enriquez's attempt to sidestep his sworn admissions, particularly given the absence of a compelling justification for the contradiction. *See, e.g., Wozny v. Grams*, 539 F.3d 605, 609-10 (7th Cir. 2008); *Tyra v. United States*, 270 Fed. Appx. 410, 415-16 (7th Cir. 2008). Under the circumstances, Mr. Cruz-Enriquez cannot sustain a claim that Mr. Petro rendered constitutionally ineffective assistance of counsel that prejudiced Mr. Cruz-Enriquez in any legally cognizable way.

Mr. Cruz-Enriquez's real complaint appears to be that Mr. Petro did not try hard enough to get him a better deal. In his motion, Mr. Cruz-Enriquez points out his co-defendants got more favorable sentences than he did. But the fact of the matter is that Mr. Cruz-Enriquez pled guilty knowing full well that the lowest sentence the Court could give him was ten years in prison unless one of two exceptions applied (which turned out not to be the case). In addition, he withdrew his later-filed motion to withdraw his guilty plea again knowing full well that he faced a ten year sentence. Moreover, Mr. Cruz-Enriquez provides no basis to believe that the government would have been willing to negotiate a deal with him for a lower sentence or that he could have qualified for any sort of exception to the ten year mandatory minimum prison term.

For these reasons, Mr. Cruz-Enriquez's motion fails to allege a violation of his Sixth Amendment right to effective assistance of counsel. The Court directs the Clerk to enter judgment dismissing Mr. Cruz-Enriquez's motion under 28 U.S.C. § 2255.